**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KEITH JUDD, Democratic Candidate
For President of USA,

      Petitioner,

v.                                                                            No. CV 10-0462 BB/RHS

BILL RICHARDSON, Governor of the
State of New Mexico,
ATTORNEY GENERAL,
FRANCISCO J. QUINTANA, Warden
FCC Beaumont Low,

      Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R. 4, on Petitioner's Petition For Writ Of Habeas Corpus; 28 U.S.C. § 2254. The petition, which was originally filed in 2007 in the Eastern District of Texas, was electronically transferred to this Court on May 13, 2010. In the petition, Petitioner challenges his New Mexico state court criminal conviction in *State v. Judd*, No. CR-95-1311.

Petitioner has previously filed two § 2254 petitions in this Court attacking the same conviction. *See Judd v. Dantis*, No. CV 98-0662 MV/DJS; *Judd v. King*, No. CV 09-1084 MCA/ DJS. This Court dismissed both petitions. In cause No. CV 98-0662 MV/DJS, on appeal from the initial order of dismissal, the Court of Appeals for the Tenth Circuit remanded the matter with instructions to dismiss the petition without prejudice. *See Judd v. Dantis*, No. 99-2251, 2000 WL 123755, at *1 (10th Cir. Feb. 2, 2000). The Court of Appeals also dismissed a number of other appeals filed by Petitioner. And in two separate orders, this Court denied Petitioner's post-appeal

motions and imposed filing restrictions against him. Those restrictions prohibited "further filings pertaining to this action or further original proceedings relating to the parties and subject matter of this case." (No. CV 98-0662 MV/DJS, Doc. 59). The instant petition is barred by the quoted language.

Furthermore, Petitioner's § 2254 petition in cause No. CV 09-1084 MCA/DJS attacked the same state court conviction. The Court dismissed that petition with prejudice (Doc. 77). The instant petition, therefore, is a second or successive petition that may not be prosecuted in this Court unless the Court of Appeals for the Tenth Circuit issues an order authorizing the filing. *See* 28 U.S.C. § 2244. "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

In *Cline*, the court noted several factors that should be considered in determining whether to transfer or dismiss a petition. *See id*. (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)). Here, the Court has entered at least two injunctions against Petitioner and also found that it had no jurisdiction of a prior petition attacking the same conviction (No. CV 09-1084 MCA/DJS, Doc. 68, 77). Petitioner is not entitled to relief, *see* 28 U.S.C. § 2254 R. 4, and the Court concludes that under the *Cline/Trujillo* factors his petition should be dismissed rather than transferred.

IT IS THEREFORE ORDERED that Petitioner's Petition For Writ Of Habeas Corpus; 28 U.S.C. § 2254, originally filed on November 26, 2007, in the United States District Court for the Eastern District of Texas and electronically transferred to this Court on May 13, 2010, is

DISMISSED for lack of jurisdiction; pending motions are DENIED as moot; and judgment will be entered;

IT IS FURTHER ORDERED that the injunction order entered in cause No. 98-0662 MV/DJS (Doc. 59) is hereby adopted as the Court's order in this proceeding; Petitioner is hereby ENJOINED from submitting further filings in this proceeding except a notice of appeal, or from initiating further proceedings related to the subject matter of this case; and the Clerk is directed to return without filing any document, except a notice of appeal, submitted by Petitioner under the caption of this proceeding.

_____
UNITED STATES DISTRICT JUDGE